Jantra Van Roy, Esq.
Theodora D. Vasilatos, Esq.
Zeichner Ellman & Krause LLP
575 Lexington Avenue
New York, New York  10022
(212) 223-0400

*Attorneys for Defendants Residential Funding Company,*
*LLC (sued herein as Residential Funding Company and*
*RFC Trustee 03), The Bank of New York Trust Company,*
*N.A., as Trustee (sued herein as The Bank of New York*
*Mellon, N.A.), JPMorgan Chase Bank, N.A., as Trustee,*
*GMAC Mortgage, LLC and Mortgage Electronic*
*Registration Systems, Inc.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JULIA CHACON,<br><br>                              Plaintiff,<br><br>            - against -<br><br>WMC MORTGAGE CORP., RESIDENTIAL FUNDING COMPANY, RFC TRUSTEE 03, THE BANK OF NEW YORK MELLON, N.A., JPMORGAN CHASE BANK, N.A., ANM FUNDING, ANM FUNDING DBA(S) LANDSTAR CAPITAL GROUP, GMAC MORTGAGE, LLC and MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., "XYZ CORP." (1-10), said name being fictitious, it being the intention of Plaintiff to designate any parties, corporations or entities, if any, having or claiming an interest or lien upon the mortgaged premises,<br><br>                              Defendants. | Case No. CV-11-5660 (JBW) (JO)<br><br><br>__ANSWER__ |

Defendants Residential Funding Company, LLC (sued herein as Residential Funding Company and RFC Trustee 03) ("RFC"), The Bank of New York Trust Company, N.A., as Trustee (sued herein as The Bank of New York, Mellon, N.A.)

("BONY"), JPMorgan Chase Bank, N.A., as Trustee ("JPMC"), GMAC Mortgage, LLC ("GMAC") and Mortgage Electronic Registration Systems, Inc. ("MERS"), all of which taken together shall hereinafter be collectively referred to as Defendants, by their attorneys, Zeichner Ellman & Krause LLP, for their answer to the Complaint ("Complaint"), allege, upon information and belief, as follows:

1.      No response is required or made to the allegations contained in Paragraph 1 of the Complaint as they contain legal conclusions and describe the relief Plaintiff seeks.  To the extent a response is required, Defendants deny these allegations.

2.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 2, 3 and 4 of the Complaint.

3.      Defendant RFC denies the allegations contained in Paragraph 5 of the Complaint, except admits that RFC is an entity organized under the laws of the state of Delaware having an address at 8400 Normandale Lake Boulevard, Suite 350, Bloomington, Minnesota 55437.

4.      Defendant RFC denies the allegations contained in Paragraph 6 of the Complaint, except admits that its service of process address via Corporation Services Company is 80 State Street, Albany, NY 12207.

5.      Defendant RFC denies the allegations contained in Paragraph 7 of the Complaint. Although Plaintiff intends to identify defendant RFC as RFC Trustee 03, no entity exists by the name RFC Trustee 03.

6.      Defendant BONY denies the allegations contained in Paragraph 8 of the Complaint, except admits that it is a nationally chartered trust company based in Miami, Florida.

7.      Defendant JPMC denies the allegations contained in Paragraph 9 of the Complaint, except admit that JPMC is a banking association organized under the laws of the United States of America.

8.      Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 10 of the Complaint.

9.      Defendant GMAC denies the allegations contained in Paragraph 11 of the Complaint, except admits that GMAC is an entity organized under the laws of the state of Delaware having a corporate address at 1100 Virginia Drive, Ft. Washington, Pennsylvania 19034.

10.     Defendant MERS admits the allegations contained in Paragraph 12 of the Complaint.

11.     No response is required or made to the allegations contained in Paragraphs 13 and 14 of the Complaint, as they contain legal conclusions.  To the extent a response is required, Defendants deny these allegations.

12.     No response is required or made to the allegations contained in Paragraph 15 of the Complaint, as they pertain to Plaintiff's intent to amend the Complaint at a later time.

13.    Defendants deny the allegations contained in Paragraphs 16 and 18 of the Complaint.

14.    No response is required or made to the allegations contained in Paragraphs 17 and 19 of the Complaint, which set forth Plaintiff's definition and use of the word "Defendants" in the Complaint.  To the extent a response is required, Defendants deny these allegations.

15.    The allegations in Paragraphs 20 and 21 of the Complaint contain legal conclusions for which no response is required or made.  To the extent a response is required, Defendants deny these allegations.

16.    No response is required or made to the allegations contained in Paragraphs 22, 23, and 24 a) through k) of the Complaint, as they provide a general overview of predatory lending.

17.    No response is required or made to the allegations contained in Paragraph 25 of the Complaint, as they pertain to co-defendant ANM Funding ("ANM") only and as they provide a general overview/explanation of how mortgage brokers engage in predatory lending.  To the extent a response is required, Defendants deny these allegations.

18.    Defendants deny the allegations contained in Paragraph 26 of the Complaint.

19.     No response is required or made to the allegations contained in Paragraphs 27 and 28 of the Complaint, as they provide a general overview of loan securitization and the secondary mortgage market.

20.     No response is required or made to the allegations contained in Paragraph 29 of the Complaint, as they provide a general overview of loan securitization and the secondary mortgage market. Defendants deny the remaining allegations contained in Paragraph 29 of the Complaint, asserting that Defendants violated TILA, RESPA and Section 2937 of the California Civil Code.

21.     No response is required or made to the allegations contained in Paragraphs 30, 31, 32, 33 and 34 of the Complaint, as they provide a general overview of loan securitization and the secondary mortgage market.

22.     Defendants deny the allegations contained in Paragraphs 35 and 36 of the Complaint to the extent that such allegations imply that Defendants transferred the loan in violation of any laws or regulations.

23.     No response is required or made to the allegations contained in Paragraphs 37, 38, and 39 of the Complaint, as they provide a general overview of loan assignments to the mortgage backed security trust.

24.     Defendants deny all allegations contained in Paragraph 40 of the Complaint except admit as follows: on or about October 17, 2005 WMC lent Plaintiff $456,000 as evidenced by an Adjustable Rate Note and secured by a Mortgage encumbering real property located at 377 Bleecker Street, Brooklyn, New York; The

Adjustable Rate Note and Mortgage Plaintiff signed and gave to WMC were transferred by WMC to GMAC, then by GMAC to RFC and were deposited into a mortgage backed securities trust (RAAC Series 2006-SP1), the initial trustee of which was JPMC and the successor trustee of which became BONY.

25.     No response is required or made to the allegations contained in Paragraph 41 of the Complaint as they pertain to Plaintiff's purported lack of understanding of lending procedures. To the extent a response is required, Defendants deny these allegations.

26.     Defendants admit the allegations contained in Paragraph 42 of the Complaint.

27.     No response is required or made to the allegations contained in Paragraph 43 of the Complaint, as they pertain to Plaintiff and co-defendant ANM only. To the extent a response is required, Defendants deny these allegations. Further, MERS denies that it originated the subject loan as alleged in Paragraph 43 of the Complaint.

28.     No response is required or made to the allegations contained in Paragraph 44 of the Complaint, as they pertain to co-defendant ANM and WMC Mortgage Corp. ("WMC") only. To the extent a response is required, Defendants deny these allegations.

29.     No response is required or made to the allegations contained in Paragraph 45 of the Complaint, as they pertain to co-defendant ANM only.  To the extent a response is required, Defendants deny these allegations. Further, Defendants

lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 45 of the Complaint.

30.     No response is required or made to the allegations contained in Paragraph 46 of the Complaint, as they pertain to co-defendants ANM and WMC only. To the extent a response is required, Defendants deny these allegations. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 46 of the Complaint.

31.     No response is required or made to the allegations contained in Paragraph 47 of the Complaint, as they pertain to co-defendant ANM only.  To the extent a response is required, Defendants deny these allegations.

32.     No response is required or made to the allegations contained in Paragraph 48 of the Complaint, as they pertain to co-defendant ANM only. To the extent a response is required, Defendants deny these allegations. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 48 of the Complaint.

33.     No response is required or made to the allegations contained in Paragraph 49 of the Complaint, as they pertain to co-defendant WMC only. To the extent a response is required, Defendants deny these allegations.

34.     Defendants deny that Plaintiff executed a first and second mortgage on October 17, 2011 as Plaintiff alleges in Paragraph 50 of the Complaint, except Defendants admit that Plaintiff executed such first and second mortgages on

7

October 17, 2005. Defendants admit that the first and second mortgages were in the amounts of $456,000 and $85,500 respectively. Defendants deny the allegations that MERS is identified as the "lender" in the first and second mortgages, except admit that MERS is identified as a nominee of the lender, WMC, and mortgagee of record for mortgage recording purposes.

35.     No response is required or made to the allegations contained in Paragraph 51 of the Complaint, as they pertain to co-defendant WMC only. To the extent a response is required, Defendants deny these allegations.

36.     No response is required or made to the allegations contained in Paragraph 52 of the Complaint, as they pertain to co-defendants ANM and WMC only. To the extent a response is required, Defendants deny these allegations.

37.     No response is required or made to the allegations contained in Paragraph 53 of the Complaint, as they pertain to WMC and ANM only and as they contain legal conclusions.  To the extent a response is required, Defendants deny these allegations. RFC denies each and every allegation that it failed to disclose loan charges and fees to Plaintiff.

38.     Defendants deny the allegations contained in Paragraph 54 of the Complaint.

39.     No response is required or made to the allegations contained in Paragraphs 55 and 56 of the Complaint, as they contain legal conclusions.  To the extent a response is required, Defendants deny these allegations.

40.     No response is required or made to the allegations contained in Paragraph 57 of the Complaint, as they pertain to Plaintiff. To the extent a response is required, Defendants deny these allegations.

41.     No response is required or made to the allegations contained in Paragraph 58 of the Complaint, as they contain legal conclusions.  To the extent a response is required, Defendants deny these allegations.

42.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 59 of the Complaint.

43.     No response is required or made to the allegations contained in Paragraph 60 of the Complaint, as they pertain to Plaintiff. To the extent a response is required, Defendants deny these allegations.

44.     Defendants deny any and all allegations contained in Paragraph 40 of the Complaint except admit as follows: on or about October 17, 2005 WMC lent Plaintiff $456,000 as evidenced by an Adjustable Rate Note and secured by a Mortgage encumbering real property located at 377 Bleecker Street, Brooklyn, New York; The Adjustable Rate Note and Mortgage Plaintiff signed and gave to WMC were transferred by WMC to GMAC, then by GMAC to RFC and were deposited into a mortgage backed securities trust (RAAC Series 2006-SP1), the initial trustee.

45.     No response is required or made to the allegations contained in Paragraphs 62 and 63 of the Complaint, as they pertain to co-defendant WMC only. To the extent a response is required, Defendants deny these allegations.  Defendants BONY

and RFC deny each and every allegation that they violated RESPA, New York, North Carolina and California Civil Code 2937 as alleged in Paragraphs 62 and 63 of the Complaint.

46.    Defendants deny the allegations contained in Paragraph 64 of the Complaint, except Defendants admit that no recorded assignment of mortgage exists.

47.    Defendants deny the allegations contained in Paragraph 65 of the Complaint, except admit that RFC is the master servicer and that GMAC is the sub-servicer of the subject loan.

48.    No response is required or made to the allegations contained in Paragraph 66 of the Complaint, as they contain legal conclusions. To the extent a response is required, Defendants deny these allegations.

49.    No response is required or made to the allegations contained in Paragraph 67 of the Complaint, as they contain legal conclusions. To the extent Plaintiff implies that Defendants acted in an inappropriate and dishonest manner in connection with the subject loan Defendants deny such allegations.

50.    Defendants deny each and every allegation contained in Paragraph 68 of the Complaint.

51.    Defendants repeat all of their foregoing responses to the allegations contained in Paragraphs 1 – 68 of the Complaint as if fully set forth herein.

52.     Defendants deny each and every allegation contained in Paragraph 70 a) through z) of the Complaint.

53.     Defendants deny that they made any false representations to Plaintiff and that Defendants intended to deceive and defraud Plaintiff as alleged in Paragraph 71 of the Complaint. No response is required or made to the remaining allegations contained in Paragraph 71 of the Complaint as they pertain to Plaintiff's state of mind in connection with any representations Defendants allegedly made to Plaintiff. To the extent a response is required, Defendants deny these allegations.

54.     Defendants deny that they made false representations to Plaintiff. No response is required or made to the remaining allegations contained in Paragraph 72 of the Complaint as they contain legal conclusions and pertain to Plaintiff's state of mind at the time the loan was made. To the extent a response is required, Defendants deny these allegations.

55.     No response is required or made to the allegations contained in Paragraph 73 of the Complaint as they pertain to Plaintiff. To the extent a response is required, Defendants deny these allegations.

56.     No response is required or made to the allegations contained in Paragraph 74 of the Complaint as they contain legal conclusions and pertain to Plaintiff. To the extent a response is required, Defendants deny these allegations.

57.     No response is required or made to the allegations contained in Paragraphs 75 – 80 of the Complaint as they contain legal conclusions. To the extent a response is required, Defendants deny these allegations.

58.     Defendants repeat all of their foregoing responses to the allegations contained in Paragraphs 1 – 80 of the Complaint as if fully set forth herein.

59.     Defendants deny each and every allegation contained in Paragraph 82 of the Complaint.

60.     No response is required or made to the allegations contained in Paragraphs 83 – 88 of the Complaint as they contain legal conclusions. To the extent a response is required, Defendants deny these allegations.

61.     Defendants repeat all of their foregoing responses to the allegations contained in Paragraphs 1 – 88 of the Complaint as if fully set forth herein.

62.     No response is required or made to the allegations contained in Paragraph 90 of the Complaint as they contain legal conclusions. To the extent a response is required, Defendants deny these allegations.

63.     Defendants deny the allegations contained in Paragraphs 91 a) through q)  and 92 of the Complaint.

64.     No response is required or made to the allegations contained in Paragraph 93 of the Complaint as they pertain to Plaintiff only. To the extent a response is required, Defendants deny these allegations.

65.     No response is required or made to the allegations contained in Paragraphs 94 – 101 of the Complaint as they contain legal conclusions. To the extent a response is required, Defendants deny these allegations.

66.     Defendants repeat all of their foregoing responses to the allegations contained in Paragraphs 1 – 101 of the Complaint as if fully set forth herein.

67.     No response is required or made to the allegations contained in Paragraph 103 of the Complaint as they contain legal conclusions. To the extent a response is required, Defendants deny these allegations.

68.     Defendants deny each and every allegation contained in Paragraph 104 a) through i) of the Complaint.

69.     No response is required or made to the allegations contained in Paragraphs 105 – 112 of the Complaint as they contain legal conclusions. To the extent a response is required, Defendants deny these allegations.

70.     Defendants repeat all of their foregoing responses to the allegations contained in Paragraphs 1 – 112 of the Complaint as if fully set forth herein.

71.     No response is required or made to the allegations contained in Paragraphs 114 of the Complaint as they contain legal conclusions. To the extent a response is required, Defendants deny these allegations.

72.     Defendants deny each and every allegation contained in Paragraph 115 a) through m) of the Complaint.

73.     No response is required or made to the allegations contained in Paragraphs 116 – 121 of the Complaint as they contain legal conclusions. To the extent a response is required, Defendants deny these allegations.

74.     Defendants repeat all of their foregoing responses to the allegations contained in Paragraphs 1 – 121 of the Complaint as if fully set forth herein.

75.     Defendants deny each and every allegation contained in Paragraphs 123, 124 a) through f), 125, 126 and 127 of the Complaint.

76.     No response is required or made to the allegations contained in Paragraphs 128 – 133 of the Complaint as they contain legal conclusions. To the extent a response is required, Defendants deny these allegations.

77.     Defendants repeat all of their foregoing responses to the allegations contained in Paragraphs 1 – 133 of the Complaint as if fully set forth herein.

78.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135 of the Complaint.

79.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136 of the Complaint and respectfully refer the Court to the public records as to the truth of such allegations.

80.     Defendant BONY, as Trustee admits that it holds a lien on the subject property which it may elect to foreclose. Defendants deny the remaining allegations contained in Paragraph 137 of the Complaint.

81.     No response is required or made to the allegations contained in Paragraph 138 of the Complaint as they refer to the relief Plaintiff seeks. To the extent a response is required, Defendants deny these allegations.

82.     Defendants repeat all of their foregoing responses to the allegations contained in Paragraphs 1 – 138 of the Complaint as if fully set forth herein.

83.     Defendants deny each and every allegation contained in Paragraphs 140 – 144 of the Complaint.

84.     No response is required or made to the allegations contained in Paragraphs 145 – 146 of the Complaint as they contain legal conclusions. To the extent a response is required, Defendants deny these allegations.

85.     Defendants repeat all of their foregoing responses to the allegations contained in Paragraphs 1 – 146 of the Complaint as if fully set forth herein.

86.     Defendant BONY, as Trustee admits that it may seek to foreclose the mortgage lien it holds on the subject property due to Plaintiff's default under the loan. Defendants deny the remaining allegations contained in Paragraph 148 of the Complaint.

87.     No response is required or made to the allegations contained in Paragraphs 149 – 152 of the Complaint as they contain legal conclusions. To the extent a response is required, Defendants deny these allegations.

88.     Defendants repeat all of their foregoing responses to the allegations contained in Paragraphs 1 – 152 of the Complaint as if fully set forth herein.

89.     No response is required or made to the allegations contained in Paragraphs 154 of the Complaint as they contain legal conclusions. To the extent a response is required, Defendants deny these allegations.

90.     Defendants deny each and every allegation contained in Paragraph 155 a) through c) of the Complaint.

91.     No response is required or made to the allegations contained in Paragraphs 156 – 158 of the Complaint as they contain legal conclusions. To the extent a response is required, Defendants deny these allegations.

92.     No response is required or made to the allegations contained in Paragraphs 1 – 47 in Pages 43 – 47 of the Complaint as they pertain to Plaintiff's requested relief. To the extent a response is required, Defendants deny these allegations.

## DEFENDANTS' AFFIRMATIVE DEFENSES

Because the Complaint does not allege sufficient facts to enable Defendants to determine all of its applicable defenses with respect to the underlying dispute, Defendants reserve their right to assert any and all affirmative defenses once the precise nature of the claims can be ascertained, and to assert any other affirmative defenses that may be revealed during the course of discovery.

Without assuming the burden of proof as to those matters upon which Plaintiff bears such burden, Defendants allege for their defenses as follows:

16

## FIRST AFFIRMATIVE DEFENSE

93.     The Complaint fails to state claims against Defendants upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

94.     Plaintiff's purported causes of action are barred by the applicable Statute of Limitations.

## THIRD AFFIRMATIVE DEFENSE

95.     Plaintiff's claims are barred or must alternatively be reduced based on comparative fault and/or contributory negligence.

## FOURTH AFFIRMATIVE DEFENSE

96.     Any damages allegedly sustained by Plaintiff are due to Plaintiff's own acts or omissions.

## FIFTH AFFIRMATIVE DEFENSE

97.     Plaintiff's damages, if any, were not caused by Defendants, but rather by acts or omissions of third parties over which Defendants had neither control nor responsibility.

## SIXTH AFFIRMATIVE DEFENSE

98.     Plaintiff's purported causes of action are barred by the doctrine of equitable estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

99.     Plaintiff's purported causes of action are barred by the principles of ratification, consent, acquiescence and voluntary payment.

## EIGHTH AFFIRMATIVE DEFENSE

100.     Plaintiff's purported causes of action are barred by the terms of the agreements between the parties.

## NINTH AFFIRMATIVE DEFENSE

101.     Plaintiff's purported claims for relief are barred by the doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

102.     Plaintiff fails to plead fraud with the required particularity.

## ELEVENTH AFFIRMATIVE DEFENSE

103.     Plaintiff is not entitled to rescission under 15 U.S.C. § 1635(e)(1) and 15 U.S.C. § 1602(w) because this is a purchase money mortgage loan.

## TWELFTH AFFIRMATIVE DEFENSE

104.     Defendants were not properly served with the summons and complaint.

### THIRTEENTH AFFIRMATIVE DEFENSE

105.   Plaintiff's purported causes of action are barred by the doctrine of unclean hands.

### FOURTEENTH AFFIRMATIVE DEFENSE

106.   Defendants have defenses founded upon documentary evidence.

### FIFTEENTH AFFIRMATIVE DEFENSE

107.   Defendants at all times acted in good faith and in accordance with applicable law, reasonable commercial standards applicable to their businesses and the governing agreements.

### SIXTEENTH AFFIRMATIVE DEFENSE

108.   Plaintiff's causes of action are barred by the doctrines of waiver and/or estoppel.

### SEVENTEENTH AFFIRMATIVE DEFENSE

109.   Plaintiff fails to state a cause of action for punitive damages.

### EIGHTEENTH AFFIRMATIVE DEFENSE

110.   Plaintiff failed to reasonably mitigate or to seek to mitigate her alleged damages, if any.

## NINETEENTH AFFIRMATIVE DEFENSE

111.    Defendants have complied with applicable federal and New York state laws.

## TWENTIETH AFFIRMATIVE DEFENSE

112.    Plaintiff lacks standing to maintain an action against Defendants under the Fair Credit Reporting Act 15, U.S.C. § 1682 *et seq*.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

108.    The subject mortgage is governed by federal law and New York state law pursuant to its terms and any other state laws Plaintiff purport that Defendants violated are not applicable.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

113.    Any state law claims made against Defendants as an information furnisher are preempted by 15 U.S.C. § 1681t(b)(1)(F).

## TWENTY-THIRD AFFIRMATIVE DEFENSE

110.    Plaintiff has failed to demonstrate that the initial furnishing of information by Defendants was done with malice or willful intent to harm Plaintiff as required under 15 U.S.C. § 1681h(e).

**RELIEF REQUESTED**

WHEREFORE, Defendants respectfully demand judgment in its favor (a) dismissing the Complaint in its entirety as against Defendants with prejudice, (b) awarding attorneys' fees, costs and expenses to Defendants, and (c) for such other and further relief as is just and proper.

Dated:     New York, New York
           January 25, 2012

ZEICHNER ELLMAN & KRAUSE LLP
*Attorneys for Defendants Residential Funding Company, LLC (sued herein as Residential Funding Company and RFC Trustee 03), The Bank of New York Trust Company, N.A., as Trustee (sued herein as The Bank of New York Mellon, N.A.), JPMorgan Chase Bank, N.A., as Trustee, GMAC Mortgage, LLC and Mortgage Electronic Registration Systems, Inc.*

By: _____
    Jantra Van Roy, Esq.
    Theodora D. Vasilatos, Esq.
    575 Lexington Avenue
    New York, New York 10022
    (212) 223-0400

#647256v2/TDV/10029.064